UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BERNARD TAYLOR, | ) | 1:07cv1134 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| JOE DOE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Bernard Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his complaint on August 6, 2007, and names three "Joe Doe" Defendants. He alleges that Defendants withheld legal documents during his criminal trial in violation of his due process rights.

**DISCUSSION**

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.  Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.  Plaintiff's Allegations

Plaintiff names Joe Doe #1, a Sacramento Deputy District Attorney, Joe Doe # 2, a Sacramento Court Clerk, and Joe Doe #3, a Sacramento County Superior Court judge, as Defendants. By motion dated August 28, 2007, Plaintiff substituted the true names of Joe Doe #2 and Joe Doe #3 as A. Ramos and Judge Allen Sumner, respectively.

Plaintiff alleges that Defendants conspired against him by knowingly and maliciously withholding legal documents in violation of his due process rights. He contends that this led to an incorrect sentence. He seeks a total of six million dollars in damages.

D.  Analysis

Plaintiff's claim fails for two reasons. First and most importantly, this Court does not have federal jurisdiction over his claim because all three Defendants are immune from suit under section 1983. Joe Doe #1, the Deputy District Attorney, is absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Because Plaintiff's allegations relate to Joe Doe's actions in performing functions intimately associated with the judicial phase of the criminal process, Plaintiff's claim must be dismissed on grounds of prosecutorial

1  immunity. Id.; see Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C.
2  § 1915A(b)(2).
3     Similarly, A. Ramos, the Court Clerk, is immune because court clerks have absolute
4  quasi-judicial immunity from damages for civil rights violations when they perform tasks that are
5  an integral part of the judicial process. Mullis v. United States Bankruptcy Court, 828 F.2d 1385
6  (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979), cert. denied, 445 U.S.
7  962 (1980).
8     Finally, Judge Sumners, as a state court judge, is entitled to immunity. See Olsen v.
9  Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally
10 accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope,
11 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from
12 liability for damages under section 1983 ).
13    Plaintiff's claim also fails because he cannot challenge his conviction in an action under
14 section 1983. When a prisoner challenges the legality or duration of his custody, or raises a
15 constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a
16 writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d
17 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an
18 allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the
19 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
20 invalid by a state tribunal authorized to make such determination, or called into question by a
21 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512
22 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or
23 sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.
24    Dismissal of a pro se complaint for failure to state a claim is proper where it is obvious
25 that the plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend
26 would be futile. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc). Based on the
27 facts alleged, Plaintiff cannot state a claim for section 1983 relief and it appears granting leave to
28 amend the complaint would be futile. Accordingly, the Court recommends that the complaint be

dismissed without leave to amend for failure to state a claim.  Plaintiff may file a petition for writ of habeas corpus if he so chooses.

### **RECOMMENDATION**

These Findings and Recommendation are submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 28, 2007**               **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE